IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BETTY WATSON                                                                                          PLAINTIFF

v.                                              No. 3:08CV00110 JLH

J.C. PENNEY CORPORATION, INC.;
and JOHN DOE I                                                                                     DEFENDANTS

**ORDER**

  J.C. Penney Corporation has filed four motions *in limine*. The first motion *in limine* requests that the Court prevent plaintiff from mentioning in front of the jury or introducing into evidence medical expenses that were not paid by or on behalf of the plaintiff or for which she or another third party does not remain legally responsible. That motion cites Ark. Code Ann. § 16-55-212(b) as authority. The Supreme Court of Arkansas has declared that statute unconstitutional. *Johnson v. Rockwell Automation, Inc.*, ___ S.W.3d ___, 2009 WL 1218362 (Ark., April 30, 2009). Therefore, the first motion *in limine* is DENIED. Document #16.

  The second motion *in limine* seeks to exclude evidence of subsequent remedial measures and cites Rule 407 of the Federal Rules of Evidence. The plaintiff agrees that subsequent remedial measures are not admissible to demonstrate liability but reserves the right to request permission to elicit testimony of subsequent remedial measures if the defendant opens the door. With that caveat, the second motion *in limine* is GRANTED. Document #18.

  The third motion *in limine* seeks to exclude hearsay from an unidentified customer and plaintiff's treating physician. The plaintiff agrees, so, without objection, the third motion *in limine* is GRANTED. Document #20.

The fourth motion *in limine* seeks to exclude evidence of settlement negotiations and evidence that J.C. Penney Corporation is covered by a policy of liability insurance. That motion cites Rules 408 and 411 of the Federal Rules of Evidence. The plaintiff agrees that evidence of settlement negotiations and evidence of liability insurance are inadmissible but states that she is not barred from inquiring in voir dire as to whether any of the potential jurors work for or own stock in a liability insurance company.[1] The fourth motion *in limine* is therefore GRANTED without prejudice to plaintiff's argument that she is permitted to inquire in voir dire as to whether any prospective juror owns stock in or works for a liability insurance company. Document #22. In the event that J.C. Penney Corporation believes that such a line of inquiry is not permitted during voir dire, J.C. Penney should make an appropriate motion with citations to authority on the specific issue of whether, when the defendant has an applicable policy of liability insurance, the plaintiff may inquire in voir dire as to whether prospective jurors work for or own stock in a liability insurance company.

IT IS SO ORDERED this 11th day of June, 2009.

*[signature: J. Leon Holmes]*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Her response actually says that she is not barred from inquiring in voir dire whether any of the potential witnesses work for or own stock in a liability insurance company, but the Court assumes that she meant to say *jurors* rather than *witnesses*.